UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOSHUA SPENCER,

                              Plaintiff,

      v.                                               9:12-CV-1721
                                                         (GLS/ATB)

DAVID HARRISON, et al.,

                              Defendants.

APPEARANCES:

JOSHUA SPENCER
#13465
Plaintiff, pro se
Columbia County Jail
85 Industrial Tract
Hudson, NY 12534

GARY L. SHARPE
Chief United States District Judge

## DECISION and ORDER

**I.   INTRODUCTION**

      The Clerk has sent to the Court for review a complaint brought pursuant to 42 U.S.C. § 1983 by pro se plaintiff Joshua Spencer.  Dkt. No. 1 ("Compl.").  Plaintiff also seeks leave to proceed in forma pauperis.  Dkt. No. 5 ("IFP Application").[1]

**II.   IFP APPLICATION**

      As to plaintiff's IFP Application, the Court finds that plaintiff has demonstrated economic need and has filed the inmate authorization form required in the Northern District.

---

[1] The IFP Application submitted by plaintiff with his complaint (Dkt. No. 3) did not contain a completed certification by an appropriate official at his facility.  *See* Dkt. No. 4.  Plaintiff subsequently submitted a completed and certified application.  Dkt. No. 5.

As a result, plaintiff's motion to proceed in forma pauperis is granted.

## III.   REVIEW OF PLAINTIFF'S COMPLAINT

### A.   Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

Therefore, the Court must determine whether plaintiff may properly maintain his complaint before permitting him to proceed.  Although a court has the duty to show liberality towards pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), a court also has the responsibility to determine that a claim is not frivolous

before permitting a plaintiff to proceed with an action in forma pauperis. "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241 (TJM/RFT), 2008 WL 268215, at *1 n.3 (N.D.N.Y. Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Id.* at 325.

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure. Rule 8 provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

**B.      Plaintiff's Factual Allegations**

In his complaint, plaintiff asserts claims arising out of his confinement in the Columbia County Jail. Compl. at 2. Plaintiff asserts that he "was jumped" by two other inmates, Bost

and Anderson.[2]  *Id.*  As a result, a "separation order" was issued, and they were placed on "special management status."[3]  *Id.* at 3.  Plaintiff claims that the correctional officers disliked him because this was inconvenient for the staff and therefore he "underwent numerous deprivations."  *Id.*

Despite the issuance of the separation order following the initial assault and the requirements imposed by "special management status," on July 14, 2012, plaintiff alleges that he was again attacked by inmate Anderson.  *Id.*  According to plaintiff, while he was "sitting at the unit table within his cellblock, inmate Anderson was escorted to the law library."  *Id.*  Plaintiff claims that defendant Hempel was responsible for securing the law library.  *Id.*  Plaintiff further asserts that the door to the law library should at all times be locked, and "doubly checked" if someone under "special management status" is inside.  *Id.* at 4.  However, it was "*conveniently* unsecured and unmanned."  *Id.*  Further, defendant Miller "conveniently" opened the door to plaintiff's cellblock and inmate Anderson "ran into the cellblock and brutally attacked the plaintiff with his fists and feet, causing injury to [plaintiff's] face and body."  *Id.* at 3, 4.

Although "plaintiff immediately requested medical assistance," he was not seen by medical staff for over a week.  *Id.*  Consequently, "plaintiff incurred severe physical suffering for a duration exceeding two (2) weeks, without the benefit of medical attention."  *Id.* at 3-4.

Plaintiff seeks an award of monetary damages.  *Id.* at 5.  For a complete statement of plaintiff's claims, reference is made to the complaint.

---

[2]  Bost and Anderson are plaintiff's co-defendants in the underlying criminal case.  Compl. at 2.

[3]  When on "special management status," plaintiff asserts that he was not permitted to leave the cell block without restraints and was not permitted to be in the same yard as other general population inmates for recreation.  Compl. at 3.

**C.    Analysis**

In light of plaintiff's pro se status, the Court has reviewed the complaint thoroughly and has read his allegations liberally in the light most favorable to plaintiff. Construed in this light, the complaint asserts the following claims: (1) failure to protect; and (2) denial of adequate medical care.[4]

**1. Failure to Protect**

Prison officials are required to take reasonable measures to guarantee the safety of inmates and protect them from known harm. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). This includes "a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (citation omitted). To establish a Fourteenth Amendment Due Process violation in this context, plaintiff must show that: 1) he has been "incarcerated under conditions posing a substantial risk of serious harm;" and 2) the prison officials acted with "deliberate indifference" to his safety. *Id.* at 834. Deliberate indifference exists when the prison official "knows of and disregards an excessive risk to inmate safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. A prison official has sufficient intent if "he has knowledge that an inmate faces a substantial serious risk of serious

---

[4] To the extent plaintiff's complaint could be read to allege a broader "conditions of confinement" claim, based on the "numerous deprivations" alleged, Compl. at 2, the complaint does not contain sufficient factual allegations to successfully state such a claim.

If plaintiff were a convicted prisoner, his claims would be analyzed under the Eighth Amendment's prohibition against cruel and unusual punishment. This prohibition, however, does not apply to a pretrial detainee because the individual is not being "punished." *See Cuocu v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000). Instead, a pretrial detainee held in state custody receives protection against mistreatment from prison officials under the Due Process Clause of the Fourteenth Amendment. *See Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009). Nonetheless, plaintiff's claims will "be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment." *Id.* at 72 (noting that the Supreme Court articulated the proper standard for these claims in *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)).

harm and disregards that risk by failing to take reasonable measures to abate the harm." *Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996) (citation omitted).

At this early stage, the Court finds that plaintiff has alleged a plausible failure to protect claim against defendants Hempel and Miller.  In so ruling, the Court expresses no opinion as to whether plaintiff's claims can withstand a properly filed motion to dismiss or for summary judgment.

### 2.  Denial of Medical Care

Prison officials are also required to provide inmates adequate "food, shelter, and medical care . . . ."  *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)) (internal quotations omitted).  To establish a violation of the Fourteenth Amendment Due Process Clause based on inadequate medical care, "a prisoner must allege 'deliberate indifference to [his] serious medical needs.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

Here plaintiff alleges that he was denied medical treatment for over a week following the assault.  Even if his allegations were sufficient to meet this standard, plaintiff has not identified any individual who could be held responsible for this denial of medical care. Although he claims he "immediately requested medical assistance," he does not identify anyone with whom he spoke, or anyone that denied his request(s).  Therefore, his denial of medical care claims will be dismissed without prejudice.

### 3.  Personal Involvement of Defendant Harrison

With respect to defendant Harrison, plaintiff alleges that "he is the Sheriff of the County of Columbia, and as such he is the person responsible for setting the rules and security

measures to be followed by the staff . . . and for failing in his sworn duties in allowing this assault to occur under the conditions described in this action, he is responsible . . ." Compl. at 5.

To state a claim under section 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a right, privilege or immunity secured by the Constitution or by the laws of the United States.  Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under section 1983.  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted).  A supervisor cannot be liable for damages under section 1983 solely by virtue of being a supervisor–there is no respondeat superior liability under section 1983.  *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501.

Vague and conclusory allegations that a supervisor has failed to train or properly monitor the actions of subordinate employees will not suffice to establish the requisite personal involvement and support a finding of liability.  *Pettus v. Morgenthau*, 554 F.3d 293, 300 (2d Cir. 2009) ("To the extent that [a] complaint attempts to assert a failure-to-supervise claim . . . [that claim is insufficient where] it lacks any hint that [the supervisor] acted with deliberate indifference to the possibility that his subordinates would violate [plaintiff's] constitutional rights.").  A plaintiff must demonstrate "a tangible connection between the acts of the defendant and the injuries suffered."  *Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (internal quotation marks and citations omitted).

To hold a supervisory official liable for a civil rights violation, plaintiff must demonstrate that the individual 1) has directly participated in the challenged conduct; 2) after learning of the violation through a report or appeal, has failed to remedy the wrong; 3) created or allowed

a policy or custom under which unconstitutional practices occurred to continue; 4) was grossly negligent in managing the subordinates who caused the unlawful event; or 5) failed to act on information indicating that unconstitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Wright*, 21 F.3d at 501.  There are no such allegations regarding defendant Harrison.

The complaint contains no allegations that defendant Harrison was personally involved in any of the actions about which plaintiff complains.  Instead, it appears he is only included as a defendant because he is Sheriff of Columbia County.[5]  Without any allegations of personal involvement, defendant Harrison will be dismissed.

## IV.   CONCLUSION

**WHEREFORE,** it is hereby

**ORDERED** that plaintiff's initial IFP Application (Dkt. No. 3) is **DENIED as moot**; and it is further

**ORDERED** that plaintiff's renewed IFP Application (Dkt. No. 5) is **GRANTED**;[6] and it is further

**ORDERED** that the Clerk provide the Sheriff of Columbia County with a copy of plaintiff's inmate authorization form (Dkt. No. 2), and notify the official that this action has

---

[5] Plaintiff does note that defendant Harrison is "responsible for setting the rules and security measures to be followed by the staff."  Compl. at 5.  However, it is clear from plaintiff's complaint that his concern is not with the policies themselves, but that defendants Hempel and Miller failed to follow these policies.  *See* Compl. at 4 ("[T]he door to the law library is, at all times, locked when it is occupied by general population inmates, and it is doubly checked whenever there is an inmate under Special Management occupying it.  However, on the day in question, the door was *conveniently* unsecured and unmanned.").  Accordingly, this statement regarding defendant Harrison's responsibilities does not provide a basis to hold him liable as a supervisor for a civil rights violation.

[6] Although his IFP Application has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

been filed and that plaintiff is required to pay to the Northern District of New York the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk provide a copy of plaintiff's inmate authorization form (Dkt. No. 2) to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that defendant Harrison is **DISMISSED without prejudice**; and it is further

**ORDERED** that plaintiff's denial of adequate medical care claim is **DISMISSED without prejudice**; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon Hempel and Miller.  The Clerk shall forward a copy of the summons and complaint by mail to the County Attorney for Columbia County, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to plaintiff's complaint be filed by the defendants or their counsel with respect to the claim that survived (failure to protect) as provided for in the Federal Rules of Civil Procedure after service of process on the defendants; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **<u>Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be stricken from the docket.</u>**  Plaintiff must comply with any requests by the Clerk's

---

Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court; and it is further

  **ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: January 31, 2013
   Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court